UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALLAN SCHUBERT<br>#30850-064 | §<br>§<br>§ | |
| V. | §<br>§ | A-22-CV-966-LY-DH |
| STEVEN MNUCHIN and<br>INTERNAL REVENUE SERVICE | §<br>§<br>§ | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff Allen Schubert's Complaint. Schubert, proceeding pro se, has been granted leave to proceed in forma pauperis.

I. STATEMENT OF THE CASE

At the time he filed his complaint, Schubert was confined in FCI Yazoo City Medium. Schubert complains he did not receive from the Internal Revenue Service (IRS) the first two of his Economic Impact Payments pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020). Schubert admits he received the third payment in the amount of $1,400.00. Schubert indicates he filed the requisite tax forms to claim the first two payments totaling $1,800.00. Schubert contends the failure to send the first two payments violates his constitutional rights. He seeks $1,800.00 in compensatory damages, nominal

1

damages, and $6,000.00 in punitive damages. He sues Steven Mnuchin, former United States Secretary of the Treasury, and the Internal Revenue Service.

## II. DISCUSSION AND ANALYSIS

### A. Standard under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Tax Refund Request

The CARES Act established a tax credit to eligible individuals and is an advance refund of the tax imposed under subtitle A of the tax code. *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1021 (N.D. Cal. 2020). The CARES Act provided that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Id.* (quoting 28 U.S.C. § 6428(f)(1)). Therefore, the Act provides "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social

Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Scholl*, 489 F. Supp. 3d at 1021.

Pursuant to 28 U.S.C. § 1346(a), the United States consents to be sued in the district court for refund of taxes. But, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS. *United States v. Clintwood Elkhorn Mining. Co.*, 553 U.S. 1, 4 (2008); *see* 26 U.S.C. § 7422(a). To overcome sovereign immunity in a tax refund action, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code. *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010).

While Schubert allegedly filed tax rebate claims, he fails to allege he filed an administrative claim as required by section 7422(a) of the Internal Revenue Code. The Court lacks jurisdiction over Schubert's request for a tax refund until he properly exhausts his administrative remedies.

### C. Constitutional Violations

To the extent Schubert sues the IRS or Defendant Mnuchin in his official capacity for violations of his constitutional rights his claims are barred by sovereign immunity. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994)

(finding no direct cause of action for damages against federal agency because of sovereign immunity).

To the extent Schubert sues Defendant Mnuchin in his individual capacity his claims also fail. Schubert indicates he is suing pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Supreme Court has disapproved of the expansion of *Bivens* beyond the three implied causes of action previously recognized by the Supreme Court. *See Ziglar v. Abbasi*, ––– U.S. –––, 137 S. Ct. 1843, 1854-57 (2017) (disapproving of the expansion of *Bivens* by the lower courts). When determining whether to extend *Bivens*, federal courts must now determine whether the case would present a new context, and whether there are special factors that counsel hesitation about extending *Bivens* to that new context. *Hernandez v. Mesa*, ––– U.S. –––, 140 S. Ct. 735, 743, 206 L.Ed.2d 29 (2020).

Schubert's claims present a new context because the Supreme Court has not previously recognized an implied cause of action against the Secretary of the Treasury for a tax refund. In addition, there are special factors counseling hesitation in recognizing a new cause of action against the former Secretary of Treasury. Any suit related to the recovery of any internal revenue tax "may be maintained only against the United States and not against any officer or employee of the United States." *See* 26 U.S.C. § 7422(f)(1).

Even if *Bivens* could be extended to Schubert's claims, his claims still fail. Schubert fails to allege the former Secretary of the Treasury was personally involved in the failure to provide Schubert with the first two economic impact payments.

### III. RECOMMENDATION

It is therefore recommended that Schubert's claims against Defendant Mnuchin in his individual capacity be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e) and the remainder of his claims be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except on grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 5th day of October 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE